IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT LEE CODY, )
    Petitioner, )
     )
v. ) No. 3:09-CV-913-M
     )
RICK THALER, Director, Texas )
Dept. Of Criminal Justice, Correctional )
Institutions Division, )
    Respondent. )

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Procedural Background

Petitioner challenges his conviction for driving while intoxicated. *State of Texas v. Robert Lee Cody*, No. F05-60454-IM (194th Dist. Ct., Dallas County, Tex., June 5, 2006). Petitioner was sentenced to forty years confinement.

On April 11, 2007, the Fifth District Court of Appeals affirmed the conviction. *Cody v. State*, No. 05-06-01222-CR (Tex. App. – Dallas, 2007). On September 12, 2007, the Court of Criminal Appeals denied Petitioner's petition for discretionary review. *Cody v. State*, PDR No. 683-07.

On July 27, 2006, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Cody*, No. 65,761-01. On November 15, 2006, the Court of Criminal Appeals dismissed the

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**    Page -1-

petition because Petitioner's direct appeal was still pending. On July 10, 2007, Petitioner filed a second state habeas petition. *Ex parte Cody*, No. 65,761-02. On October 3, 2007, the Court of Criminal Appeals also dismissed this petition because the direct appeal was still pending. On November 12, 2007, Petitioner filed a third state habeas application. *Ex parte Cody*, No. 65,761-03. On April 29, 2009, the Court of Criminal Appeals denied the petition.

On May 7, 2009, Petitioner filed this § 2254 petition. He argues:

1. The indictment was defective;

2. His prior convictions were impermissibly used to enhance his conviction;

3. The evidence was insufficient to support the conviction;

4. The trial court denied him due process; and

5. He received ineffective assistance of counsel because:

    (A) his counsel failed to inform him of the plea offer; and

    (B) his counsel had a conflict of interest.

## II. Discussion

**1. Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable

>> application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.   Defective Indictment**

Petitioner argues the indictment was defective because it listed an incorrect date for one of the enhancement paragraphs. Petitioner, however, pled true to the enhancement paragraphs. A plea of true waives any challenge to the enhancement. *Randle v. Scott*, 43 F.3d 221, 226 (5th Cir. 1995) (citing *Scott v. Maggio*, 695 F.2d 916, 922 (5th Cir. 1983) and *Long v. McCotter*, 792 F.2d 1338, 1340 (5th Cir. 1986)). Petitioner's claim should therefore be denied.

**3.   Enhancement Paragraphs**

Petitioner argues the state used two 1985 convictions for enhancement and that this constituted double jeopardy. The record shows the indictment did not allege two 1985 convictions. The indictment alleged prior DWI convictions from 1985, 1986, 1997 and 1999. (Clerk's Record at 2 and 22.) Additionally, by pleading true to the indictment, Petitioner waived

all objections to the indictment. *Long*, 792 F.2d at 1342.

**4.** **Sufficiency of the Evidence**

Petitioner appears to argue that the evidence was insufficient to support the conviction. He states the police did not put him in handcuffs, did not read him his rights, did not put him on video camera and did not obtain a breath or blood test. By pleading guilty, however, Petitioner waived any challenge to the sufficiency of the evidence. *Smith v. McCotter*, 786 F.2d 697, 702-03 (5th Cir. 1986). Petitioner's claims should be denied.

**5.** **Due Process**

Petitioner argues the trial judge violated his due process rights when the judge refused to appoint him a different attorney. There is no evidence in the record that Petitioner requested different counsel. Petitioner's claim is conclusory and should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

**6**. **Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner argues his counsel failed to inform him of a plea offer. On state habeas review, defense counsel stated he informed Petitioner of every plea offer made by the state. (*Ex parte Davis,* No. 65,761-03 at 40.) Defense counsel stated Petitioner rejected all plea offers. (*Id*.) The state court found defense counsel credible and denied Petitioner's claim. Petitioner has failed to show the state court's decision to deny relief was an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. His claim should be denied.

Petitioner also argues defense counsel had a conflict of interest because if counsel argued in favor of Petitioner's case, the trial judge might be prejudiced against defense counsel in future cases. Petitioner has offered nothing but conclusory allegations in support of his claim. This claim should be denied.

### 7. Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law

and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 30th day of December, 2010.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).